W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellant,

v.

Harry DuMONT, Executor of the Estate of James G. Fritschy, Deceased, Appellee.

No. 8651.

United States Court of Appeals Fourth Circuit.

Argued Oct. 1, 1962.

Decided Oct. 9, 1962.

Jacob I. Karro, Acting Asst. Sol., United States Department of Labor (Charles Donahue, Solicitor of Labor, Caruthers G. Berger, Attorney, United States Department of Labor, and Beverley R. Worrell, Regional Attorney, United States Department of Labor, on the brief), for appellant.

Harry DuMont, Asheville, N. C. (Uzzell & DuMont, Asheville, N. C., on the brief), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and J. SPENCER BELL, Circuit Judges.

PER CURIAM.

This is the appeal of the Secretary of Labor from an order of the District Court dismissing consolidated actions brought under the Fair Labor Standards Act, reported sub nom. Goldberg v. Fritschy, 198 F.Supp. 743 (W.D.N.C.1961), to recover on behalf of certain former employees of the appellee unpaid minimum wages and overtime compensation allegedly due, and for injunctive relief.

The District Court gave judgment for the appellee on the ground that he was a "retail or service establishment" exempted from the operation of the Act by sections 13(a)(2) and 13(a)(4) [29 U.S.C.A. §§ 213(a)(2) and 213(a)(4)].

James G. Fritschy operated an automobile repair business on Merrimon Street in Asheville, North Carolina, and also an automobile salvage lot for the storage of wrecked automobiles from which reusable parts were removed. Some of these parts were reused by the appellee in his repair business, but a substantial proportion of these used parts were sold to other garage owners, such sales being clearly "sales for resale" within the meaning of the Act. In addition, scrap remaining after the removal of the reusable parts was sold by Fritschy to scrap dealers for resale.

Nowhere in the record is it shown what proportion of the appellee's sales were sales for resale. Since it clearly appears that a substantial portion of the total sales was for resale, the appellee has failed to meet the burden of proof necessary to bring him within the exemption of the statute.

Reaching this conclusion, we find it unnecessary to consider the further contention of the appellee that the salvage yard and the repair shop are a single establishment within the meaning of the statute.

The judgment of the District Court is therefore reversed and the case remanded for entry of judgment in favor of the Secretary of Labor.

Reversed and remanded.